## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
## NORTHERN DIVISION

| | | |
|---|---|---|
| Kingdom Kuts, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Jessica Netzel, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:20-cv-0723 |
| | ) | |

Anthony S. Evers,
in his official capacity as
Governor of the State of Wisconsin,

and

Todd L. Thomas,
in his official capacity as Chief of Police
of the City of Appleton,

Andrea Palm,
in her official capacity as the
Secretary (designee) of the
Wisconsin Department of Health Services,

Defendants.

_____

### COMPLAINT FOR DECLARATORY RELIEF, TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF, AND DAMAGES

Plaintiffs KINGDOM KUTS and JESSICA NETZEL sue Defendants, ANTHONY S. EVERS, in his official capacity as Governor of the State of Wisconsin; TODD L. THOMAS, in his official capacity as Chief of Police of the City of Appleton; and ANDREA PALM, in her official capacity as the Secretary (designee) of the Wisconsin Department of Health Services and allege:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Kingdom Kuts is a faith based business located at 132 East Wisconsin Avenue, Appleton, Wisconsin.

2. Plaintiff Jessica Netzel is the owner and operator of Kingdom Kuts, and resides at W4820 Krueger Road, Black Creek, Wisconsin.

3. Defendant Anthony S. Evers is the governor of the State of Wisconsin. His official address is 115 East Capitol Dr # 1, Madison, Wisconsin.

4. Defendant Todd L. Thomas is the Chief of Police of the City of Appleton. His official address is 222 S. Walnut Street, Appleton, Wisconsin. Appleton is a city in Outagamie County, with parts also in Calumet and Winnebago counties

5. Defendant Andrea Palm is the Secretary (designee) of the Wisconsin Department of Health Services. Her official address is 1 West Wilson Street, Madison, Wisconsin.

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367.

7. This action arises under the First and Fourteenth Amendments to the United States Constitution and is brought pursuant to 42 U.S.C. § 1983.

8. Venue is proper in this court pursuant to 28 U.S.C. §.1391(a) and (b)(1) because all defendants are residents of this state and defendant Thomas resides in Appleton, which is in this District. The Northern Division is appropriate as Appleton is located in Outagamie County, as well as parts of Calumet and Winnebago counties.

9. This Court is authorized to grant declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201-02, implemented through Rule 57 of the Federal Rules of Civil Procedure and is authorized to grant a temporary restraining order and injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure.

2

10.  This Court is authorized to grant Plaintiffs' prayer for relief regarding costs, including reasonable attorney's fees, pursuant to 42 U.S.C. § 1988.

**FACTUAL BACKGROUND**

11. On the afternoon of Wednesday, May 6, 2020, officers from Chief Thomas' department arrived at Kingdom Kuts. The officers informed Ms. Netzel that her conduct violated certain Orders issued by Defendant Governor Evers and/or Secretary Palm and that if she continued to exercise her rights she would face potential fines, loss of her license, criminal charges and that she may be imprisoned.

12. On May 7, 2020, the Appleton Police Department issued a "Cease and Desist" letter to Kingdom Kuts and Ms. Netzel. Although allegedly attached to the "Cease and Desist" letter, the applicable Orders were not attached or provided. A copy of the "Cease and Desist" letter is attached.

13. The "Cease and Desist" letter states that Defendant Governor Evers "declared a Health Emergency on March 12, 2020 in Executive Order 72." The letter further states that "To this end, the Wisconsin Department of Health Services issued emergency Orders limiting human contact and closing non-essential businesses."

14. Executive Order 72, along with the subsequent Orders of the Wisconsin Department of Health Services, are hereinafter collectively referred to as "the Orders."

15. The "Cease and Desist" letter states that for violating the Orders "violators are subject to criminal prosecution," face a fine of up to $500 and **shall be imprisoned for not more than 30 days.**" (emphasis in original)

16. The "Cease and Desist" letter also indicates that violators may be subject to additional action affecting their "license to conduct business."

17. Plaintiffs received the "Cease and Desist" letter by mail the evening of May 11, 2020.

18. In the interim, Chief Thomas' officers entered Kingdom Kuts on Saturday, May 9, at approximately 5:30 pm. The officers informed Ms. Netzel that she was being referred to the Outagamie County District Attorney for criminal prosecution for violating the Orders.

19. On May 11, 2020, counsel wrote to Chief Thomas and asked that his Department communicate with counsel on behalf of Ms. Netzel with respect to the Orders.

20. Later on May 11, 2020, an Appleton officer again entered Kingdom Kuts at approximately 4:15 pm. The officer informed Ms. Netzel that she was being referred for additional criminal charges.

21. Ms. Netzel attended church and worship services in Appleton prior to the issuance of the Orders.

22. The Orders prohibit Ms. Netzel from participating in person worship services. This includes services on various days of the week, including on Wednesdays, Saturdays and Sundays.

23. As a result of the fines and potential imprisonment threatened in the Orders, no in-person church or worship services are available to Ms. Netzel in Appleton or anywhere reasonably nearby in the State of Wisconsin because all such services have been shutdown.

24. Kingdom Kuts, as the name implies, is a ministry of Plaintiff Ms. Netzel. Scriptural references are placed about the business. Ms. Netzel sincerely believes that she is to share her faith with others through her work at Kingdom Kuts.

25. Ms. Netzel is a registered voter in Wisconsin's 8th United States Congressional District, 2nd State of Wisconsin Senate District, and 5th State of Wisconsin Assembly District.

26. Contested primary elections for each of those seats are currently scheduled for August 11, 2020.

27. On June 1, 2020, a minimum required number of signatures to be placed on the ballot for any and all of those seats are required to be filed with the Wisconsin Elections Commission.

28. As of May 11, 2020 the Wisconsin Elections Commission has not approved any candidates for the ballot in the 8th Congressional District; only one candidate in the 2nd State Senate District; and zero candidates in the 5th State Assembly District. *See* attached, Wisconsin Election Commission, "Candidate Tracking for Office," Printed 5/11/2020 5:55:48 PM.

29. The Orders place a substantial burden on collection of signatures necessary for a candidate to be placed on the ballot in each of these districts.

30. Ms. Netzel has a state constitutional right to participate in an effort to recall any state or local office holder pursuant to Article XIII, Section 12 of the Wisconsin Constitution.

31. The Wisconsin Constitution provides that "no law shall be enacted to hamper, restrict or impair the right of recall."

32. The Orders place a substantial burden on the ability of  Ms. Netzel, and any other Wisconsin resident, to attempt to exercise their state constitutional right to recall.

33. The Orders attempt to place Wisconsin state law above the Plaintiffs' federal constitutional rights, including federal constitutional rights to the free exercise of religion, the freedom of assembly, and the equal protection of the laws.

34. The Orders allow residents to gather for similar non-religious and non-political purposes, including at large retailers such as Walmart and Home Depot, and at smaller retailers such as liquor stores and tobacco shops.

35. By allowing residents to gather as stated above, while threatening imprisonment for the exercise of their constitutional rights, the Orders are not narrowly tailored and do not use the least restrictive means to attend their ends.

36. At least one federal court of appeals has enjoined similar Orders. *See Maryville Baptist Church v. Beshear* (6th Cir. Case No: 20-5427, May 2, 2020).

37. The Orders allow certain small businesses to reopen as of May 12, 2020, but not specifically religious organizations, faith based groups, or many other small businesses, including salons.

38. Defendant Governor Evers stated that the organizations allowed to open as of May 12 were chosen because "we think that **they are deserving** and have less risk than other stores and that's why **we chose them**." *See* S. Hauer and M. Beck, "All small

5

stores in Wisconsin can reopen with limited number of customers," Milwaukee Journal Sentinel (May 11, 2020) (available at jsonline.com, last viewed May 12, 2020).[1]

**COUNT I — THE ORDERS VIOLATE THE RIGHT TO FREE EXERCISE OF RELIGION UNDER THE FIRST AMENDMENT.**

39. The Free Exercise Clause of the First Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, prohibits the State from abridging Plaintiffs' rights to free exercise of religion.

40. Plaintiff Ms. Netzel has sincerely held religious beliefs in the Scriptures, and lives her life in an attempt to incorporate her faith into her everyday life.

41. Plaintiff believes she is not to forsake "gathering in His name" in times of peril and crisis. *E.g.* Matthew 18:20.

42. The Orders, on their face and as applied, prohibit Plaintiff from the free exercise of her religion.

43. The Orders, on their face and as applied, impermissibly burden Plaintiff's sincerely held religious beliefs, compel Plaintiff to either change her beliefs or to act against them, and force Plaintiff to choose between the teachings and requirements of her sincerely held religious beliefs and the obedience of the Orders.

44. The Orders, on their face and as applied, place Plaintiff in an irresolvable conflict between compliance with the Orders and her sincerely held religious beliefs.

45. The Orders, on their face and as applied, are neither neutral nor generally applicable, but rather specifically and discriminatorily target religious beliefs, speech, and assembly.

46. The Orders, on their face and as applied, constitute a substantial burden on Plaintiff's sincerely held religious beliefs.

---

[1] Despite the story's headline that "all small stores can reopen with limited number of customers" it is not true that ""all small stores" can actually reopen. Only some of them can, again depending on who Defendant Governor Evers or Defendant Secretary Palm have decided "deserve" it.

47. The State lacks a compelling, legitimate, or rational interest in the Orders' application of different standards for churches and faith-based gatherings than those applicable to exempted businesses or non-religious entities.

48. Even if the Orders' restriction on faith-based gatherings were supported by a compelling interest (and they are not), the Orders are not the least restrictive means to accomplish the purported interest.

49. The Orders, on their face and as applied, specifically target Plaintiff's sincerely held religious beliefs and set up a system of individualized exemptions that permits certain other similarly situated businesses or non-religious entities to continue operations under certain guidelines while prohibiting faith-based gatherings and organizations from operating with similar guidelines.

50. The Orders, on their face and as applied, have caused, are causing, and will continue to cause Plaintiffs immediate and irreparable harm, and actual and undue hardship.

51. Plaintiffs have no adequate remedy at law to correct the continuing deprivation of their liberties.

52. Plaintiff Ms. Netzel seeks an immediate, temporary injunction against the Orders so that she will be permitted to freely exercise her religion and attend the church and worship services of her choice on Saturday May 16 or Sunday May 17, and further permanent injunctive relief against the Orders prohibition on the free exercise of religion.

**COUNT II — THE ORDERS VIOLATE THE RIGHT TO FREEDOM OF ASSEMBLY UNDER THE FIRST AMENDMENT.**

53. Plaintiffs hereby reallege and adopt each and every allegation in the paragraphs above.

54. The First Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, prohibits the State from abridging the right of the people peaceably to assemble.

55. The Orders, on their face and as applied, are an unconstitutional prior restraint on Plaintiffs' right to assemble.

56. The Orders, on their face and as applied, unconstitutionally discriminate on the basis of viewpoint.

57. The Orders, on their face and as applied, unconstitutionally discriminate on the basis of content.

58. Defendant lacks a compelling, legitimate, or rational interest in the Orders' application of differential standards for churches and faith-based gatherings than those applicable to designated "essential" businesses or non-religious entities.

59. The Orders, on their face and as applied, are not the least restrictive means to accomplish any permissible government purpose sought to be served by the Orders.

60. The Orders, on their face and as applied, are not narrowly tailored to serve the government's purported interest.

61. The Orders, on their face and as applied, do not leave open adequate alternative channels of communication for Plaintiffs.

62. The Orders, on their face and as applied, are irrational and unreasonable and impose unjustifiable and unreasonable restrictions on Plaintiffs' constitutionally protected right to assemble.

63. The Orders, on their face and as applied, impermissibly vest unbridled discretion in the hands of government officials, including Governor Evers and his designee Secretary Palm, to apply or not apply the Orders in a manner to restrict free assembly.

64. The Orders, on their face and as applied, are underinclusive by limiting their gathering prohibitions to only certain businesses or organizations deemed "essential" or who Defendant Governor Evers or Defendant Secretary Palm has decided is "deserving.".

65. The Orders, on their face and as applied, are unconstitutionally vague and overbroad as they chill and abridge the free assembly rights of Plaintiffs.

66. On their face and as applied, the Orders' violation of Plaintiffs' right to free assembly have caused, are causing, and will continue to cause Plaintiffs to suffer immediate and irreparable injury and undue and actual hardship.

67. Plaintiffs have no other adequate remedy at law to correct the continuing deprivation of their liberties.

**COUNT III — THE ORDERS VIOLATE THE RIGHT TO FREEDOM OF SPEECH UNDER THE FIRST AMENDMENT.**

68. Plaintiffs hereby reallege and adopt each and every allegation in the paragraphs above.

69. The Free Speech Clause of the First Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, prohibits the State from abridging Plaintiffs' freedom of speech.

70. The Orders, on their face and as applied, are an unconstitutional prior restraint on Plaintiffs' speech.

71. The Orders, on their face and as applied, unconstitutionally discriminate on the basis of viewpoint.

72. The Orders, on their face and as applied, unconstitutionally discriminate on the basis of content.

73. The State lacks a compelling, legitimate, or rational interest in the Orders' application of different standards for churches and faith-based gatherings than those applicable to exempted businesses and non-religious entities.

74. The Orders, on their face and as applied, are not the least restrictive means to accomplish any permissible government purpose sought to be served by the Orders.

75. The Orders, on their face and as applied, are not narrowly tailored to serve the government's purported interest.

76. The Orders, on their face and as applied, do not leave open ample alternative channels of communication for Plaintiffs.

77. The Orders, on their face and as applied, are irrational and unreasonable and impose unjustifiable and unreasonable restrictions on Plaintiffs' constitutionally protected speech.

78. The Orders, on their face and as applied, impermissibly vest unbridled discretion in the hands of government officials, including Governor Evers and his designee Secretary Palm, to apply or not apply the Orders in a manner to restrict free speech.

79. The Orders, on their face and as applied, are underinclusive by limiting their prohibitions to only certain entities, organizations, or businesses deemed non-essential.

80. The Orders, on their face and as applied, are unconstitutionally overbroad as they chill and abridge the free speech rights of Plaintiffs.

81. On their face and as applied, the Orders' violation of Plaintiffs' rights to free speech have caused, are causing, and will continue to cause Plaintiffs to suffer immediate and irreparable injury and undue and actual hardship.

82. Plaintiffs have no other adequate remedy at law to correct the continuing deprivation of liberties.

**COUNT IV — THE ORDERS VIOLATE PLAINTIFFS' RIGHT TO EQUAL PROTECTION UNDER THE FOURTEENTH AMENDMENT.**

83. Plaintiffs hereby reallege and adopt each and every allegation in the paragraphs above.

84. The Fourteenth Amendment to the United States Constitution guarantees Plaintiffs the right to equal protection under the law.

85. The Orders, on their face and as applied, are an unconstitutional abridgement of Plaintiffs' right to equal protection under the law, are not neutral, and specifically target Plaintiffs and other faith-based gatherings for unequal treatment.

86. The Orders, on their face and as applied, are an unconstitutional abridgment of Plaintiffs' right to equal protection because they permit the State to treat Plaintiffs differently from other similarly situated businesses and non-religious entities on the basis of the content and viewpoint of Plaintiffs' gatherings.

87. The Orders, on their face and as applied, impermissibly discriminate between certain non-religious gatherings and religious or faith-based gatherings.

88. Defendant lacks a compelling, legitimate, or rational interest in the Orders' application of different standards for churches and faith-based gatherings than those applicable to exempted businesses or non-religious entities.

89. The Orders, on their face and as applied, are not the least restrictive means to accomplish any permissible government purpose sought to be served.

90. The Orders, on their face and as applied, do not have a rational basis.

91. The Orders, on their face and as applied, are irrational and unjustifiable and impose irrational and unjustifiable restrictions on Plaintiffs' religious or faith based gatherings.

92. The Orders, on their face and as applied, have caused, are causing, and will continue to cause Plaintiffs immediate and irreparable harm, and actual and undue hardship.

93. Plaintiffs have no adequate remedy at law to correct the continuing deprivation of their liberties.

**COUNT V – VIOLATION OF WISCONSIN CONSTITUTION ARTICLE XIII, SECTION 12.**

94. The Plaintiffs hereby reallege and adopt each and every allegation in the paragraphs above.

95. Article XIII, Section 12 of the Wisconsin Constitution allows the people of the State of Wisconsin to personally gather the signatures of "at least twenty-five percent of the vote cast for the office of governor at the last preceding election, in the state, county or district which the incumbent represents."

96. The Wisconsin Constitution provides that "no law shall be enacted to hamper, restrict or impair the right of recall."

97. The Orders make no exception for political activity and unlawfully "hamper, restrict and impair the right of recall" in violation of the Wisconsin Constitution by restricting personal movement and assembly to the point that it is virtually impossible, if not outright impossible, to gather the signatures necessary for a recall in the time allotted.

11

WHEREFORE, Plaintiffs respectfully pray for the relief against the State as set forth in this prayer for relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief as follows:

1. That the Court issue a Temporary Restraining Order restraining and enjoining the Defendants, and all other persons in active concert or participation with them, from enforcing, attempting to enforce, threatening to enforce, or otherwise requiring compliance with the ORDERS or any other order to the extent any such order prohibits Plaintiffs from exercising their constitutional rights as set forth above to the same extent the State allows so-called "essential" commercial and non-religious entities to do so.

2. That the Court issue a Preliminary Injunction pending trial, and a Permanent Injunction upon judgment, restraining and enjoining the Defendants, and all other persons in active concert or participation with them, from enforcing the ORDERS so that:

a. The Defendants, and all other persons in active concert or participation with them, will not apply the ORDERS in any manner as to infringe Plaintiff's constitutional rights by discriminating against her right to assembly, speech, free exercise of religion, equal protection, and all other constitutional and statutory rights outlined herein;

b. The Defendants, and all other persons in active concert or participation with them, will apply the Orders in a manner that treats Plaintiff's faith-based gatherings on equal terms as gatherings for or in so-called "essential" businesses and non-religious entities;

c. The Defendants, and all other persons in active concert or participation with them, will permit faith-based gatherings so long as they comply with the same standards to which the State allows so-called "essential" commercial and non-religious entities to do so;

d. The Defendants, and all other persons in active concert or participation with them, will cease threatening criminal prosecution, and filing any criminal charges based on violation of the Orders, to the extent the activity at issue is constitutionally protected as set forth in this lawsuit.

e. Defendant Thomas will revoke the "Cease and Desist" Notice issued to Plaintiffs ; and

f. The Defendants, and all other persons in active concert or participation with them, will not bring any further enforcement, criminal, licensing, or other actions against Plaintiffs

3. That the Court render a Declaratory Judgment declaring that ORDERS both on their face and as applied are unconstitutional under the United States Constitution, and further declaring that:

a. The State has violated Plaintiffs' rights to freedom of assembly by impermissibly prohibiting faith-based gatherings;

b. The State has violated Plaintiffs' rights to freedom of speech by impermissibly prohibiting faith-based gatherings;

c. The State has violated Plaintiff's rights to free exercise of religion by impermissibly prohibiting faith-based gatherings, substantially burdening her sincerely held religious beliefs, applying criteria that are neither neutral nor generally applicable to religious and non-religious gatherings, and by establishing a system of individualized exemptions that exclude similarly situated non-religious gatherings from the prohibitions applicable to Plaintiff's religious and faith-based gatherings;

d. The State has violated Plaintiffs' rights to equal protection of the laws by impermissibly prohibiting faith-based gatherings, and by applying criteria that treats faith-based gatherings in a discriminatory and dissimilar manner as that applied to various non-religious gatherings;

e. The State has violated Wisconsin Constitution, Article XIII, Section 12, by issuing Orders which do not recognize political activity as "essential" and which unlawfully "hamper, restrict and impair the right of recall" in violation of the Wisconsin Constitution..

4. That the Court award Plaintiffs damages for the violation of Plaintiffs' constitutional rights.

5. That the Court adjudge, decree, and declare the rights and other legal relations within the subject matter here in controversy so that such declaration shall have the full force and effect of final judgment.

6. That the Court retain jurisdiction over the matter for the purposes of enforcing the Court's order.

7. That the Court declare Plaintiffs are prevailing parties and award Plaintiffs the reasonable costs and expenses of this action, including a reasonable attorney's fee, in accordance with 42 U.S.C. § 1988.

8. That the Court grant such other and further relief as the Court deems equitable and just under the circumstances.

DATED this 12th day of May, 2020

and Respectfully submitted

// Joseph W. Voiland//
Joseph W. Voiland
Veterans Liberty Law
519 Green Bay Road
Cedarburg, WI 53012
Phone: 262.343.5397

Attorney for Plaintiffs